# Supreme Court of Florida

---

No. SC2024-0237

---

**IN RE: AMENDMENTS TO RULES REGULATING THE FLORIDA BAR – RULES 6-3.5 AND 6-3.6.**

August 22, 2024

PER CURIAM.

The Florida Bar petitions the Court to amend Rules Regulating The Florida Bar 6-3.5 (Standards for Certification) and 6-3.6 (Recertification).[1]  The proposed amendments were approved by the Board of Governors of The Florida Bar on a voice vote without objection, and consistent with rule 1-12.1(g), the Bar published formal notice of its intent to file the petition in *The Florida Bar News.*  The notice directed interested parties to file comments directly with the Court.  One comment was received from the Public Interest Law Section.  The Bar filed a response to the comment.

---

[1]  We have jurisdiction.  *See* art. V, § 15, Fla. Const.; *see also* R. Regulating Fla. Bar 1-12.1.

Having considered the Bar's petition, the comment filed, and the Bar's response, we amend rules 6-3.5 and 6-3.6 as proposed by the Bar. We discuss the more significant changes to both rules below.

First, existing rule 6-3.5(e) (Certification Without Examination) is relocated to subdivision (d)(1) and is retitled "Limitations on Qualifying for Certification Without Examination." The existing provisions within subdivision (d) are renumbered and relettered accordingly.

Next, new rules 6-3.5(e) (Good Cause) and 6-3.6(d) (Good Cause) are added. Both rules standardize the factors the Board of Legal Specialization and Education and the individual certification committees must consider in assessing whether good cause exists to waive applicable certification and recertification standards.

New subdivisions (e) (Practice of Law for Recertification), (f) (Waiver of Substantive Requirements), and (g) (Waiver for Health Reasons) are added to rule 6-3.6. New rule 6-3.6(e) provides that service as a judge, administrative law judge, court commissioner, master, referee, magistrate, or arbitrator as applicable in the

individual certification area may constitute the practice of law for recertification purposes on the request of an applicant.

A certification committee is required under new rule 6-3.6(f) to waive the quantitative practice requirements for any applicant who has been continuously certified for 14 years and otherwise meets the requirements for the certification. Quantitative practice requirements include items such as a minimum number of trials, hearings, or matters handled. It does not include the percentage-of-time requirement to demonstrate substantial involvement.

And under new rule 6-3.6(g), a certification committee may waive compliance with any portion of the quantitative practice criteria for an otherwise qualified applicant who is not able to meet the recertification requirements for health reasons for good cause shown.

The Rules Regulating The Florida Bar are hereby amended as set forth in the appendix to this opinion. Deletions are indicated by struck-through type, and new language is indicated by underscoring. The amendments become effective October 21, 2024, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules Regulating The Florida Bar

Roland Sanchez-Medina, Jr., President, Rosalyn Sia Baker-Barnes, President-elect, Joshua E. Doyle, Executive Director, and Elizabeth Clark Tarbert, Division Director, Lawyer Regulation, The Florida Bar, Tallahassee, Florida,

for Petitioner

Anthony C. Musto on behalf of the Florida Bar Public Interest Law Section, Hallandale, Florida,

Responding with comments

# APPENDIX

## RULE 6-3.5.    STANDARDS FOR CERTIFICATION

**(a)**    [No Change]

**(b)    Eligibility for Application.** A member in good standing of The Florida Bar who is currently engaged in the practice of law and who meets the area's standards may apply for certification. ~~From the date the application is filed to the date the certificate is issued, the~~The applicant must continue to practice law and remain a member in good standing of The Florida Bar <u>from the date the application is filed to the date the certificate is issued</u>. The certificate issued by the board of legal specialization and education ~~shall~~ state<u>s</u> that the lawyer is a "Board Certified <u>(</u>~~[~~area of certification~~]~~<u>)</u> Lawyer."

**(c)    Minimum Requirements for Qualifying for Certification With Examination.** Minimum requirements for qualifying for certification by examination are as follows~~:~~<u>.</u>

(1)    *Minimum Years of Practice of Law.* ~~A~~<u>The</u> applicant <u>must have a</u> minimum of 5 years substantially engaged in the practice of law. The "practice of law" means legal work performed primarily for purposes of rendering legal advice or representation. Service as a judge of any court of record ~~shall be deemed to~~ constitute<u>s</u> the practice of law <u>for certification purposes</u>. Employment by the government of the United States, any state (including subdivisions of the state such as counties or municipalities), or the District of Columbia, and employment by a public or private corporation or other business ~~shall be deemed to~~ constitute<u>s</u> the practice of law <u>for certification purposes</u> if the individual was required as a condition of employment to be a member of the bar of any state or the District of Columbia. ~~If otherwise permitted in the particular standards for the area in which certification is sought, the~~<u>The</u> practice of law in a foreign nation state, U.S. territory, or U.S. protectorate, or employment in a position that requires as a condition of employment that the employee be licensed to practice law in ~~such~~<u>that</u> foreign nation

state, U.S. territory, or U.S. protectorate, ~~shall be counted~~counts as up to, but no more than, 3 of the 5 years required for certification if provided in the applicable certification area standards.

(2)  *Substantial Involvement.* ~~A satisfactory showing of~~The applicant must demonstrate competence and substantial involvement in the ~~particular~~applicable certification area ~~for which certification is sought~~ during 3 of the last 5 years preceding the application for certification.

(3)  *Continuing Legal Education.* ~~A satisfactory showing of such~~The applicant must complete the continuing legal education requirement in ~~a particular field of law for which~~the applicable certification ~~is sought~~area as set by that area's standards. ~~but in no event~~No certification area's standards may be less than 10 certification hours per year.  Accreditation of educational hours is subject to policies established by the applicable certification committee or the board of legal specialization and education.

(4)  *Examination.* ~~Passing~~The applicant must pass a written ~~and/or oral~~ examination that is applied uniformly to all applicants ~~to~~and is designed to demonstrate sufficient knowledge, skills, ~~and~~ proficiency, professional responsibility, and ethics in the applicable certification area ~~for which certification is sought and in the various areas relating to such field. The examination shall include professional responsibility and ethics.~~ The award of an LL.M. degree from an approved law school in the applicable certification area ~~for which certification is sought~~ within 8 years of application may substitute as the written examination required in this subdivision if the area's standards so provide.

(5)  *Current Certification by Approved Organizations.* ~~Current~~The board of legal specialization and education may approve substitution of current certification by an approved organization in the applicable certification area ~~for which certification is sought~~ within 5 years of filing an application ~~may, at the option of the certification committee, substitute as~~for partial equivalent credit, including the written examination required in subdivision (c)(4)~~. Approval will be by the board of legal specialization and education~~

following a positive or negative recommendation from ~~at~~ the certification committee~~'s recommendation~~.

(6) *Peer Review.* Peer review ~~shall be~~is used to solicit information to assess competence in the specialty field, and professionalism and ethics in the practice of law. To qualify for board certification, ~~an~~the applicant must be recognized as having achieved a level of competence indicating special knowledge, skills, and proficiency in handling the usual matters in the specialty field. The applicant ~~shall~~must also be evaluated as to character, ethics, and reputation for professionalism.  An applicant otherwise qualified may be denied certification on the basis of peer review. Certification may also be withheld pending the outcome of any disciplinary complaint or malpractice action.

As part of the peer review process, the board of legal specialization and education and its area committees ~~shall~~must review an applicant's professionalism, ethics, and disciplinary record. ~~Such~~This review ~~shall~~must include both disciplinary complaints and malpractice actions. The process may also include solicitation of public input and independent inquiry apart from ~~written references~~review of completed peer review forms. Peer review is mandatory for all applicants and may not be eliminated by equivalents.

**(d)** **Limitations on and Minimum Requirements for** ~~**Qualification**~~**Qualifying for Certification Without Examination.**

(1) *Limitations on Qualifying for Certification Without Examination.* When certification without examination is available in an area, it may be granted only as follows.

(A) Two-Year Post-Approval Period. Certification may be granted to individuals who apply within 2 years after the date on which the applicable certification area is approved by the Supreme Court of Florida.

(B)    Individual Certification Standards. Certification may be granted as otherwise permitted in the particular standards for the applicable certification area.

(2)    *Minimum Requirements for Qualifying for Certification Without Examination.* When certification without examination is available in an area, the minimum requirements ~~for such certification~~ are as follows~~:~~.

(~~1~~A)    Practice of Law. The applicant must demonstrate a minimum of 20 years in the practice of law as defined above on a full-time basis.

(~~2~~B)    Substantial Involvement. The applicant must demonstrate ~~a satisfactory showing of~~ competence and substantial involvement in the ~~particular~~applicable certification area ~~for which certification is sought~~ during 5 of the last 10 years, including the year immediately preceding the application for certification. Substantial involvement in the particular area of law for the 1 year immediately preceding the application may be waived for good cause shown.

(~~3~~C)    Continuing Legal Education. The applicant must complete~~a satisfactory showing of such~~ continuing legal education in ~~a particular field of law for which~~the applicable certification area~~is sought~~ as set by that area's standards ~~but in no event less than~~of at least 15 hours per year.

(~~4~~D)    Peer Review. The applicant must undergo peer review as set forth above.~~satisfactory peer review and professional ethics record in accordance with subdivision (c)(6); and~~

(~~5~~F)    Fees. The applicant must pay~~ment of~~ any required fees ~~required by the plan~~.

**~~(e)    Certification Without Examination.~~** ~~When certification without examination is available in an area, it may be granted only:~~

~~(1)    to individuals who apply within 2 years after the date on which the particular area is approved by the Supreme Court of Florida; or~~

~~(2)    as otherwise permitted in the particular standards for the area for which certification is sought.~~

**(e)    Good Cause.** In determining good cause under this chapter, the board of legal specialization and education and applicable certification committee must consider the applicant's supervisory responsibility in the certification area; the applicant's special knowledge, skills, and proficiency in the certification area; the nature and complexity of matters in the certification area handled by the applicant; the number of matters in the certification area handled by the applicant over the course of the applicant's career; and any career or other factors relevant to the applicant's request for a waiver of compliance.

## RULE 6-3.6.    RECERTIFICATION

**(a)** – **(c)**    [No Change]

**(d)    Good Cause.** In determining good cause under this chapter, the board of legal specialization and education and applicable certification committee must consider the applicant's supervisory responsibility in the certification area; the applicant's special knowledge, skills, and proficiency in the certification area; the nature and complexity of matters in the certification area handled by the applicant; the number of matters in the certification area handled by the applicant over the course of the applicant's career; and any career or other factors relevant to the applicant's request for a waiver of compliance.

**(e)    Practice of Law for Recertification.** Service as a judge, administrative law judge, court commissioner, master, referee, magistrate, or arbitrator as applicable in the applicable certification area constitutes the practice of law for recertification purposes at the applicant's request if the applicant otherwise meets all

requirements for the applicable certification area including the percentage of time required for substantial involvement in the applicable certification area.

**(f)** **Waiver of Substantive Requirements.** The applicable certification committee must waive the quantitative practice requirements for any applicant who has been continuously certified for 14 years and otherwise meets all requirements for the applicable certification area at the applicant's request. Quantitative practice requirements do not include the percentage-of-time requirement for substantial involvement, but do include, for example, minimum number of matters, trials, or hearings specified in individual certification areas.

**(g)** **Waiver for Health Reasons.** The applicable certification committee may waive compliance with any portion of the quantitative practice criteria in an individual recertification cycle for an otherwise qualified applicant who is not able to meet the recertification requirements for health reasons for good cause shown on a special application form. Quantitative practice requirements do not include the percentage-of-time requirement for substantial involvement, but do include, for example, minimum number of matters, trials, or hearings specified in individual certification areas. In determining good cause under this rule, the certification committee will consider, if the applicant requests, the factors listed to be considered under good cause above and the length and severity of the applicant's health issues.